UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| Reginald L. Brown, | ) |
|  Plaintiff, | ) |
| v. | ) 7:22-cv-00687-LSC |
| AIG Property Casualty Company, | ) |
|  Defendant. | ) |

**Memorandum of Opinion and Order**

Reginald Brown brings this action against AIG Property Casualty Company ("AIG"), asserting claims for breach of contract (Count I), bad faith (Count II), and underinsured motorist benefits (Count III). AIG contends that Counts I and II—like the fruit of the accursed fig tree in the Gospels—are not ripe. Invoking Rule 12(b)(1) of the Federal Rules of Civil Procedure, AIG has moved to dismiss Counts I and II and requests a period of limited discovery to mount a Rule 12(b)(1) factual attack. For the following reasons, AIG's motion to dismiss is DENIED at this time, but AIG may renew its arguments in a motion for summary judgment.

I.   **Background**[1]

In the spring of 2018, Brown suffered a car wreck, leaving him with "severe

---

[1] The following facts are taken from the allegations contained in the Plaintiff's Complaint, and the Court makes no ruling on their veracity.

and permanent injuries, as well as emotional damages." (Doc. 1 at 2.) Alleging negligence and wantonness, he filed suit in state court against Dominique Ann Dasaro. (*Id.* at 3.) With AIG's consent, Brown accepted a policy limits offer from Dasaro's insurance carrier. (*Id.*)

Subsequently, Brown "began negotiating with AIG in an attempt to settle [his] underinsured motorist claims," and he supplied AIG with medical records that indicate the nature of his injuries and the extent of his treatment. (*Id.*) He claims, however, that "AIG has refused to recognize the ability to stack coverage expressly authorized under the subject policy," and that his "damages exceed the amount of coverage available under the policy." (*Id.*) He further alleges that AIG "intentionally failed to pay and investigate [his] claims" despite having "actual knowledge that there was no reasonably legitimate, arguable, and/or debatable reason to refuse to pay or investigate the claims." (*Id.* at 5–6.)

## II.   Analysis

Under Alabama law, "[w]ithout a determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages, a claim of bad-faith failure to pay or breach of contract is premature." *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005). But a claim is facially ripe if the plaintiff "avers that liability for the accident is uncontested and that the

damages are undisputed." *See Ex parte Safeway Ins. Co. of Ala.*, 990 So. 2d 344, 352 (Ala. 2008) ("*Safeway I*").[2] AIG does not purport to make a facial attack, so the Court assumes that AIG does not contest the sufficiency of Brown's allegations as to ripeness.

In any event, Brown's "complaint appears facially sufficient to show that" his claims for breach of contract and bad faith are ripe. *See Safeway I*, 990 So. 2d at 352. Brown alleges that Dasaro (the underinsured motorist) is liable for his injuries, and that his "damages exceed the amount of coverage available under the policy." (*See* doc. 1 at 2 & 4.) As alleged, therefore, Brown's claims for breach of contract and bad faith are ripe.

Instead of facially attacking ripeness, AIG moves "for a period of limited discovery, should the Court find it necessary, to establish a factual attack." (Doc. 16 at 4.) A factual attack to subject matter jurisdiction "challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). When confronted with a Rule 12(b)(1) factual attack, a district court may weigh the evidence and resolve factual disputes to assure itself of its own jurisdiction. *Id.*

---

[2] Brown argues that the Alabama Supreme Court implicitly overruled *Pontius* and *Safeway I* in a later case. *See Ex parte Safeway Ins. Co. of Ala., Inc.*, 148 So. 3d 39 (Ala. 2013) ("*Safeway II*"). While *Safeway II* does undermine the reasoning of *Pontius* and *Safeway I*, it distinguishes these precedents rather than overrule them. *See Safeway II*, 148 So. 3d at 42 n.2.

AIG contends that discovery may reveal Brown's claims are unripe, but the Court declines to impose a period of "limited discovery" and instead directs the parties to proceed with discovery as usual. AIG may mount a Rule 12(b)(1) factual attack and renew its ripeness arguments in a motion for summary judgment.

### III. Conclusion

For the foregoing reasons, AIG's Motion to Dismiss Counts I and II of Brown's complaint is DENIED at this time, but AIG may renew its arguments in a motion for summary judgment.

**DONE** and **ORDERED** on December 5, 2022.

_____
L. Scott Coogler
United States District Judge

211211